**RECORD NO. 14-4726**

In The

# United States Court Of Appeals

## For The Fourth Circuit

**UNITED STATES OF AMERICA,**

***Plaintiff – Appellee,***

**v.**

**JANSON LAMARK STRAYHORN,**

***Defendant – Appellant.***

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF NORTH CAROLINA AT GREENSBORO**

# BRIEF OF APPELLANT

**Renorda E. Pryor**
**HERRING LAW CENTER, PLLC**
**16 W. Martin Street**
**Suite 307**
**Raleigh, NC 27601**
**(919) 665-6737**

***Counsel for Appellant***

*Gibson*Moore Appellate Services, LLC
421 East Franklin Street ♦ Suite 230 ♦ Richmond, VA 23219
804-249-7770 ♦ www.gibsonmoore.net

## TABLE OF CONTENTS

**PAGE:**

TABLE OF AUTHORITIES....................................ii

STATEMENT OF JURISDICTION....................................1

STATEMENT OF THE ISSUES....................................1

STATEMENT OF THE CASE....................................1

Statement of the Facts....................................2

SUMMARY OF ARGUMENT....................................3

ARGUMENT....................................4

Standard of Review....................................4

Discussion....................................4

CONCLUSION....................................8

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**PAGE(S):**

**CASES:**

*United States v. Chartock*,
283 Fed. Appx. 948 (3d Cir. 2008)....................7

*United States v. Hornsby*,
666 F.3d 296 (2012)....................4

*United States v. Ivic*,
700 F.2d 51 (2d Cir. 1983)....................4

*United States v. Jones*,
16 F.3d 487 (2d Cir. 1994)....................4

*United States v. Murphy*,
323 F.3d 102 (3d Cir. 2003)....................7

*United States v. Rooney*,
37 F.3d 847 (2d Cir. 1994)....................4, 5, 6

**STATUTES:**

18 U.S.C. § 2....................1

18 U.S.C. § 922(g)(1)....................1

18 U.S.C. § 922(j)....................1

18 U.S.C. § 924(a)(2)....................1

18 U.S.C. § 924(c)....................1

18 U.S.C. § 1951(a)....................1

18 U.S.C. § 3231....................1

18 U.S.C. § 4106....................1

**RULE:**

Fed. R. Crim. P. 29....................2

## STATEMENT OF JURISDICTION

The District Court had jurisdiction over these cases by virtue of 18 U.S.C. § 3231. This Court has jurisdiction over the appeals by virtue of 18 U.S.C. § 4106. Amended Judgment on Resentencing was entered in the District court on September 16, 2014 (J.A. p. 759). Notice of appeal was timely filed for Janson Strayhorn on September 3, 2014. (J.A. p. 757).

## STATEMENT OF THE ISSUES

I. Whether the totality of the circumstances in the Strayhorn's trial requires reversal of all the remaining counts due to prejudicial spillover of evidence from the invalidated counts.

## STATEMENT OF THE CASE

Appellant, Janson Lamark Strayhorn, was indicted by a federal grand jury in the Middle District of North Carolina on October 31, 2011. The indictment against Janson Lamark Strayhorn alleged two violations of 18 U.S.C. §§ 1951(a) and 2 (Counts One and Three), two violations of 18 U.S.C. § 924(c) (Counts Two and Four), one violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Five), and one violation of 18 U.S.C. §§ 922(j) and 924(a)(2) (Count Six). (J.A. p. 18) The defendant case was called for a jury trial which began on February 13, 2012 before the Honorable Catherine C. Eagles. (J.A. p. 48) Appellant Janson Lamark Strayhorn was found guilty as to Counts One, Two, Three, Four and Five. (J.A. pp. 515-520) Count Six

was dismissed following a Rule 29 Motion at the close of all of the evidence. Appellant, Janson Lamark Strayhorn filed a timely notice of appeal on June 22, 2012. (J.A. 521) After oral arguments before this Honorable Court, counts One and Two were reversed while counts Three, Four and Five were affirmed. (J.A. p. 690 – 710). The Resentencing Hearing for Counts Three, Four and Five began on August 21, 2014 before the Honorable Catherine C. Eagles. (J.A. pp. 725-756).

**Statement of the Facts**

On August 17, 2010, two black men robbed P & S Coins, a store in North Davidson County, North Carolina. The robbers arrived in a cream-colored Cadillac. One of the robbers pulled a revolver on Samuel Sims, the store's owner, while the other robber bound Sim's hands with zip ties and his legs with duct tape. The robbers took coins from a safe and a Colt Peacemaker revolver from a display case and then left the store. Mr. Sims was presented with a lineup and did not identify Appellant Janson Strayhorn but Appellant Janson Strayhorn's fingerprint was found on the duct tape that was used to bind Mr. Sim's feet (J.A. 25-26. Although a fingerprint was found, fingerprint expert Derrick Weems testified that a partial fingerprint on the duct tape used to bind Sim's feet belonged to Appellant Strayhorn but could not determine when that fingerprint was imprinted on the tape (J.A. pp. 344 – 355).

On October 29, 2010, Captain Donald Slaughter, a Butner police officer, was patrolling the area around All American Coins in an unmarked police car when he noticed a white Cadillac driving slowly past the store. When the Cadillac neared the unmarked police car, the Cadillac's occupants "slumped down" and the driver "placed his hand up over his eyes… to conceal his identity. Slaughter followed the Cadillac believing that the Cadillac's driver was trying to elude him, Slaughter called in the license plate. Slaughter confirmed he was following the targeted Cadillac, and stopped and searched the car which Defendant Strayhorn was the driver. Upon searching the Cadillac, the police found in the back seat a book bag and a laptop bag each containing a revolver. One of the revolvers was the Colt Peacemaker stolen from P & S Coins (J.A. pp. 150-166).

Defendant Strayhorn unsuccessfully moved for a judgment of an acquittal from the jury verdicts of guilty on all counts. On February 26, 2014, this Honorable Court by unpublished opinion, concluded that there was insufficient evidence to convict Appellant Janson Lamark Strayhorn of Robbing P & S coins.

**SUMMARY OF ARGUMENT**

The District Court should have granted a new trial for counts Three, Four and Five because of "prejudicial spillover" from counts One and Two.

## ARGUMENT

### Standard of Review

Under a defendant's "prejudicial spillover challenge", a court must determine whether evidence admitted to support a reversed count prejudiced the remaining counts to warrant the reversal. *United States v. Hornsby*, 666 F.3d 296 (2012).

### Discussion

"When an appellate court reverses some but not all counts of a multi-count conviction, the court must determine if prejudicial spillover from evidence introduced in support of the reversed count requires the remaining convictions to be upset." *United States v. Rooney*, 37 F.3d 847, 855 (2d Cir. 1994), *quoting United States v. Ivic*, 700 F.2d 51, 65 (2d Cir. 1983) (when confronted with a problem of taint, we must "consider whether the presence of the [invalidated] count had any spillover effect sufficiently prejudicial to call for reversal" of the remaining counts), and *citing United States v. Jones*, 16 F.3d 487, 493 (2d Cir. 1994) (stating that "prejudicial spillover from evidence used to obtain a conviction subsequently reversed on appeal may constitute compelling prejudice" that requires overturning remaining counts). *Rooney* stated that "[i]n evaluating a claim of prejudicial spillover of evidence from an invalidated count, courts look to several factors in determining whether the totality of the circumstances requires reversal of

some or all of the remaining counts." *Rooney*, 37 F.3d at 855. The *Rooney* court expounded on these factors, stating that:

"First, we examine whether the evidence on the reversed count would have tended to incite or arouse the jury into convicting the defendant on the remaining counts. Second, it is appropriate to look to the similarities and differences between the evidence on the reversed count and the remaining counts. Courts have concluded that where the reversed and the remaining counts arise out of similar facts, and the evidence introduced would have been admissible as to both, the defendant has suffered no prejudice. Finally, it is appropriate to look to the strength of the government's case on the counts in question."

In examining the factors from *Rooney,* the jury was aroused by the facts that were presented by the Government for the robbery and attempted robbery. The jury convicted Defendant Strayhorn after being aroused by the government's producing of evidence that were similar in nature such as both robberies from coin shops. Another evidentiary persuasion was the fingerprint found on the duct tape. Although a fingerprint expert testified that he was unable to determine when the print was placed on the duct tape, the government used this evidence to state that Defendant Janson Strayhorn bound the feet of the victim. This inference suggested to the jury that Defendant Janson Strayhorn had robbed the P & S coin shop and therefore capable and in fact

had made significant plans of robbing the All American coin shop. Had the trials been separated, the jury would not have heard any evidence regarding the P & S coin shop.

The government took another opportunity to arouse the jury by arguing that because Defendant Janson Strayhorn was in possession of the stolen firearm from the Lexington P & S coin robbery, this was sufficient evidence to infer he was a part of the robbery. This evidence would not have been admissible had the trials been separated.

To sum up the second factor of *Rooney,* it is apparent that the facts presented for the Butner-related and the Lexington-related charges did not arise out of similar facts. Evidence from the Lexington-related charges would not have been admissible in a trial for the Butner-related charges. The victims, witnesses and circumstances are implicitly different. Although the attempted and robbery is from a coin shop, zip ties were introduced for the Lexington-related robbery. No zip ties were found in the Cadillac that Defendant Janson Strayhorn was driving the day he was arrested.

Finally, the third factor, the strength of the governments' case lies in the Lexington-related robbery against Appellant Janson Strayhorn's co-defendant. The evidence presented regarding the conspiracy centered on the government's persuasion to the jury of the similarities of the robberies.

Mr. Strayhorn's Butner-related charges, Counts Three, Four, and Five, convictions have been tainted by "prejudicial spillover" from the Lexington-related charges, Counts One and Two, which were vacated and remanded. When two charges are closely linked the Court must ensure that the error on the vacated charge has not affected the remaining charge. If there has been such prejudicial spillover, a new trial on the remaining charges should be ordered. *United States v. Murphy*, 323 F.3d 102, 122 (3d Cir. 2003). In regards to the remaining counts, the evidence of the Lexington Robbery would not have been admissible at the trial limited to the Butner robberies. In *United States v. Chartock*, 283 Fed. Appx. 948 (3d Cir. 2008), it discusses the two step test applied for prejudicial spillover which includes determining whether the jury heard evidence that would have been inadmissible at a trial limited to the remaining valid counts. Second, if inadmissible, proceed to determine whether the spillover evidence was prejudicial. In light of the above argument, we conclude that the jury heard evidence that would have been inadmissible at the trial limited to the Butner-related charges and the evidence that was presented was prejudicial. It is inevitable that after the jurors were able to keep separate the evidence in their minds from the Lexington related robberies to the Butner related robberies.

## CONCLUSION

In light of the foregoing, Appellant hereby respectfully request the Court to vacate the sentence imposed due to "prejudicial spillover" and the cause be remanded to the District Court for a new trial or dismissal of counts Three, Four and Five.

/s/ Renorda E. Pryor
Renorda E. Pryor
Herring Law Center, PLLC
16 W. Martin Street
Suite 307
Raleigh, NC 27601
(919) 665-6737

*Counsel for Appellant*

**UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

**CERTIFICATE OF COMPLIANCE WITH RULE 32(a)**

Certificate of Compliance with Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

   this brief contains 1,591 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   this brief has been prepared in a non-proportional spaced typeface using Microsoft Word in 12 point Courier New.

Dated: March 2, 2015

/s/ Renorda E. Pryor
Renorda E. Pryor
Herring Law Center, PLLC
16 W. Martin Street
Suite 307
Raleigh, NC 27601
(919) 665-6737

*Counsel for Appellant*

**CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on March 2, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Graham T. Green
OFFICE OF THE
UNITED STATES ATTORNEY
101 South Edgeworth Street
4th Floor
Greensboro, NC 27401
(336) 333-5351

*Counsel for Appellee*

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

/s/ Shelly N. Gannon
Shelly N. Gannon
GIBSON MOORE APPELLATE SERVICES, LLC
421 East Franklin Street
Suite 230
Richmond, VA 23219